UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE RAM LAMA,

        Plaintiff,

   v.

FRED MEYER, INC.,

        Defendant.

CASE NO. C05-385C

MINUTE ORDER

       The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

       This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. No. 14) ("Def.'s Mot."); Plaintiff's responsive documents (Dkt. Nos. 21, 23, 24) ("Pl.'s 1st Opp'n"); Defendant's Reply (Dkt. No. 28) ("Def.'s Reply"); and Plaintiff's objection thereto (Dkt. No. 29) ("Pl.'s 2nd Opp'n"). The Court has reviewed the papers submitted regarding this motion and determined that the Court must consider the issue of whether this lawsuit is barred by *res judicata* in conjunction with the motion for summary judgment, which only addresses judicial estoppel and standing.

       In general, the doctrine of *res judicata* bars a second suit on the same claim *or* on different claims arising from the same facts. Plaintiff brought an employment discrimination action similar to the instant

MINUTE ORDER – 1

lawsuit against Defendant in January 2003, and on January 8, 2004, this Court granted Defendant's motion for summary judgment and dismissed all claims against it. (Def.'s Mot., Dickens Decl. Ex. 4 (C03-49MJB, Order).) There was a final judgment in the first lawsuit. Thus, the Court must determine whether the instant lawsuit is barred by the doctrine of *res judicata*, also known as "claim preclusion."

The test for *res judicata* asks whether the earlier suit "'(1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Systems*, __ F.3d __, 2005 WL 3299816, at *1 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). As to the first element, the Court must consider (a) "whether the two suits arise out of the same transactional nucleus of facts"; (b) "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; (c) "whether the two suits involved infringement of the same right"; and (d) "whether substantially the same evidence is presented in the two actions." *Id.* (citing *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)). As to the second element, summary judgment dismissal of the first suit generally "is considered a decision on the merits for *res judicata* purposes." *Id.* at *3 (citing *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005)). Finally, as stated above, the third element requires identical parties or privies in the two actions. *Id.*

Plaintiff is hereby ORDERED to SHOW CAUSE by Thursday, January 12, 2006 why this case should not be dismissed under the doctrine of *res judicata*. Plaintiff need not re-file any documents already filed with the Court, and may simply refer to them by their Docket Document Number if necessary. Plaintiff's response to this show cause Order shall be *limited to the issue of res judicata*, and should not address arguments raised by Defendant's now-pending motion for summary judgment, as that motion has been fully briefed. Plaintiff's brief shall be no more than twelve (12) pages. Defendant may oppose Plaintiff's show cause response by filing a response thereto by Monday, January 30, 2006. Defendant's opposition shall be limited to twelve (12) pages. Plaintiff may file a reply to Defendant's opposition by Friday, February 3, 2006. Plaintiff's reply shall be limited to six (6) pages. The matter

MINUTE ORDER – 2

shall be noted for consideration on Friday, February 3, 2006.

Finally, the Court hereby RENOTES Defendant's motion for summary judgment (Dkt. No. 14) for consideration on Friday, February 3, 2006, so that the Court may consider the merits of that motion in conjunction with the briefing on *res judicata* submitted pursuant to this Order.

DATED this 21st day of December, 2005.

                                              BRUCE RIFKIN, Clerk of Court

                                              By  */s/ C. Ledesma*
                                                        Deputy Clerk

MINUTE ORDER – 3