UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE RAM LAMA,

          Plaintiff,

    v.

FRED MEYER, INC.,

          Defendant.

CASE NO. C05-385C

ORDER

      This matter comes before the Court on (1) Defendant's Motion for Summary Judgment (Dkt. No. 14) ("Def.'s Mot."), Plaintiff's responsive documents (Dkt. Nos. 21, 23, 24) ("Pl.'s 1st Opp'n"), Defendant's Reply (Dkt. No. 28) ("Def.'s Reply"), and Plaintiff's objection thereto (Dkt. No. 29) ("Pl.'s 2nd Opp'n"); and (2) this Court's December 21, 2005 Show Cause Minute Order (Dkt. No. 30) and the papers filed in response thereto (Dkt. Nos. 31 ("Pl.'s OSC Resp."), 32 ("Defs.' OSC Opp'n"), and 34 ("Pl.'s OSC Reply")).  The Court has considered the papers submitted regarding summary judgment and determined that oral argument is not necessary.  The Court hereby finds and rules as follows.

## I. BACKGROUND

      Plaintiff George Ram Lama is a former employee of Defendant Fred Meyer—Plaintiff worked for Defendant from August 14, 2000 to March 11, 2004.  He is 55 years old and is of Nepalese origin.  The

ORDER – 1

instant suit is Plaintiff's second against Defendant.  Plaintiff also is a debtor in bankruptcy proceedings in the Western District of Washington, wherein his debts were discharged under 11 U.S.C. § 727.  Plaintiff proceeds *pro se* in the instant litigation.

On March 24, 2002, Plaintiff filed a complaint alleging *national origin* discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Washington State Human Rights Commission ("WSHRC").   This complaint resulted in determinations by both agencies that there was no reasonable cause for Plaintiff's discrimination charge.  (*See* Def.'s Mot., Dickens Decl. Exs. 1, 2.)  Upon receipt of his right-to-sue letter, Plaintiff filed, in January 2003, an employment discrimination action against Defendant Fred Meyer and its employees (who were later dismissed).  (*See* C03-49R, Order (Dkt. No. 17); Def.'s Mot., Dickens Decl. Ex. 3 (C03-49R, Amended Complaint).)

On January 8, 2004, this Court granted Fred Meyer's motion for summary judgment and dismissed all claims against it.  (Def.'s Mot., Dickens Decl. Ex. 4 (C03-49MJB, Order).)  The Court ruled in the first case that Plaintiff failed to exhaust his administrative remedies as to claims of failure to promote, race/color discrimination, religious discrimination, and political interest discrimination, and therefore the Court had no subject matter jurisdiction to consider such claims.  (*Id.*)  The Court also granted summary judgment on the *national origin* discrimination claim, finding that Plaintiff failed to make out a hostile work environment claim.  (*Id.*)  The Court then ruled on Plaintiff's late-addition *retaliation* claim, finding that the record contained "no evidence showing a causal link between the protected activity and the adverse action," which precluded a *prima facie* case of retaliation.  (*Id.* at 8.)  Plaintiff appealed, but the Ninth Circuit affirmed the dismissal.  (*Id.* Ex. 6.)  Defendant was awarded $807.33 in costs in that case on February 5, 2004.  (*Id.* Ex. 5.)

Following the final judgment in his first case against Fred Meyer, Plaintiff filed a second complaint with the EEOC and WSHRC on January 22, 2004.  (*Id.* Ex. 7.)  He again claimed retaliation, relying on facts that occurred before the dismissal of his first case, and again claimed national origin discrimination. (*Id.*)  A new claim was made regarding *age* discrimination as well, though the acts alleged to support this

ORDER – 2

1   charge also fell between June 1, 2003 and October 24, 2003—a period completely within the pendency of

2   his first action (which began on January 10, 2003 and was dismissed on January 8, 2004).  (*Id.*)

3          While that discrimination complaint was pending before the EEOC, Plaintiff filed a Chapter 7

4   bankruptcy petition on March 9, 2004.  (*Id.* Ex. 9 (04-13139KAO, Petition, Schedules, and

5   Statements).)[1]  On June 16, 2004, Plaintiff's debts were discharged.  (*Id.* Ex. 10 (04-13139KAO,

6   Discharge of Debtor).)  Thereafter, the EEOC dismissed Plaintiff's second complaint, again unable to find

7   a violation; Plaintiff's second right-to-sue letter was dated January 6, 2005.  (*Id.* Ex. 8.)  On March 9,

8   2005, a year after he had filed for bankruptcy, Plaintiff initiated the instant civil action alleging

9   employment discrimination against Defendant, seeking "$1.4 million or Back pay, future pay and Punitive

10  damages."  (Complaint (Dkt. No. 1).)  Specifically, Plaintiff now seeks damages for failure to promote,

11  harassment/profiling, retaliation, race/color discrimination, national origin discrimination, and age

12  discrimination.  (*Id.*)

13  **II. ANALYSIS**

14          **A. Summary Judgment Standard**

15          Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and

16  provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings,

17  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

18  that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

19

20          [1]  Plaintiff was represented by an attorney in the bankruptcy matter.  (*Id.*)  The bankruptcy
    petition included references to Plaintiff's costs debt from his first lawsuit against Defendant (*see id.*
21  (Schedules B, C; Statement of Financial Affairs)), but the petition did *not* contain any information about
    the then-active investigation on Plaintiff's second charge of discrimination with the EEOC or any possible
22  cause of action against Defendant (*id.* (Statement of Financial Affairs)).  Specifically, the Statement of
    Financial Affairs instructed the debtor to "[l]ist all suits and administrative proceedings to which the
23  debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case."  (*Id.*)
    The only proceeding listed in response was the taxation of costs for Plaintiff's first lawsuit against
24  Defendant.  No mention was made of the open EEOC proceeding.  Nor was the possible claim against
    Defendant listed as an "asset" anywhere else on the petition.
25

26  ORDER – 3

1   a matter of law." FED. R. CIV. P. 56(c).  In determining whether an issue of fact exists, the Court must

2   view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences

3   in that party's favor.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*,

4   84 F.3d 1194, 1197 (9th Cir. 1996).  A genuine issue of material fact exists where there is sufficient

5   evidence for a reasonable factfinder to find for the non-moving party.  *Anderson*, 477 U.S. at 248.  The

6   moving party bears the burden of showing that there is no evidence which supports an element essential

7   to the non-movant's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the movant has

8   met this burden, the non-moving party then must show that there is in fact a genuine issue for trial.

9   *Anderson*, 477 U.S. at 250.  Thus, the inquiry on a motion for summary judgment is "whether the

10  evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

11  that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

12      **B.  Issues on Summary Judgment**

13      Defendant seeks dismissal of all claims against it on three grounds.  First, Defendant argues that

14  Plaintiff's suit is barred by the doctrine of judicial estoppel because Plaintiff failed to notify the

15  bankruptcy court of his possible causes of action against Defendant—the theory is that Plaintiff should

16  not be allowed the double benefit of having had his debts discharged without regard for the value of the

17  instant claims (which he knew about before filing for bankruptcy) while now being allowed to pursue

18  those claims debt-free and outside bankruptcy proceedings.  Second, Defendant argues that Plaintiff does

19  not have standing to bring the claims in this suit in any event, because he had a duty to disclose the claims

20  to the bankruptcy court, did not do so, and as a result of that failure, the bankruptcy trustee is the real

21  party in interest.  Third, Defendant argues that *res judicata* bars Plaintiff's current suit altogether.

22  Because the *res judicata* argument is dispositive, as discussed below, the Court need not reach the

23  standing or judicial estoppel arguments.

24  //

25  //

26  ORDER – 4

**C. *Res Judicata* and Subject Matter Jurisdiction**

In general, the doctrine of *res judicata* bars a second suit on the same claim *or* on different claims arising from the same facts.  Thus, the bar reaches both grounds of recovery that were asserted and those that were not asserted but could have been.  *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993).  The 3-part test for *res judicata* asks whether the earlier suit "'(1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'"  *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

As to the first element ("same claim"), the Court must consider the following factors: (a) "whether the two suits arise out of the same transactional nucleus of facts"; (b) "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; (c) "whether the two suits involved infringement of the same right"; and (d) "whether substantially the same evidence is presented in the two actions." *Id.* (citing *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)).  Whether the two suits arise out of the same "transactional nucleus of facts" is considered the most important of the foregoing factors, often becoming "outcome determinative" as to the first *res judicata* element.  *Mpoyo*, 430 F.3d at 988.

The "nucleus of facts" factor is significant in this case.  Plaintiff's claims here, as in his prior lawsuit, center on Defendant's conduct regarding "profiling," suspending, refusing to promote, and assigning certain work to Plaintiff.  The period of time in which these events allegedly occurred (according to the EEOC complaint underlying the instant suit) ends in October 2003, which is *prior* to the dismissal of Plaintiff's first suit.  Thus, Plaintiff clearly could have raised all of his claims in the first lawsuit, either with the EEOC or with the Court.

This Court had no subject matter jurisdiction in the first lawsuit to consider claims on the merits that were not raised properly before the EEOC prior to commencing the first lawsuit.  These included the claims for failure to promote, race/color discrimination, religious discrimination, and political interest

ORDER – 5

1   discrimination.  However, this Court did consider the national origin and retaliation claims on the merits,

2   granting summary judgment for Defendant because Plaintiff could not make out the basic elements of

3   those claims.  Thus, the only claim at issue here that was *not* addressed by the Court in the first lawsuit is

4   the *age* claim that Plaintiff now raises.  However, here too, Plaintiff fails to raise a genuinely new claim,

5   because the age discrimination claim arises out of the same nucleus of facts and period of conduct as all

6   of the other claims from the first lawsuit.  Plaintiff could have raised the age claim in the first lawsuit, but

7   he did not do so.  Therefore, *all* conduct alleged in the instant suit that occurred prior to October 2003

8   already was litigated or could have been litigated in Plaintiff's first lawsuit.

9           Plaintiff's attempt to escape the "nucleus of facts" test by characterizing his current retaliation and

10  failure-to-promote claims as involving "new" conduct occurring in 2004 (*i.e.*, after October 2003) (Pl.'s

11  OSC Resp. 3–4) fails because he has not exhausted his administrative remedies as to conduct after

12  October 2003.  The EEOC complaint underlying the instant suit makes no mention of conduct after

13  October 2003 (*see* Def.'s Mot., Dickens Decl. Ex. 7), so this Court lacks subject matter jurisdiction to

14  consider any claim based on any conduct in 2004.  *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir.

15  2002); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

16          The foregoing "nucleus of facts" inquiry favors a finding that the current suit involves the "same

17  claim" as the prior suit.  The other relevant factors favor such a finding as well.  First, Plaintiff's current

18  suit involves claims about rights that already have been determined—this Court's determination that

19  Defendant could not be held liable for national origin discrimination or retaliation in the prior lawsuit

20  would be "destroyed" if the present suit is allowed to continue.  Second, the "same rights" are raised here

21  as before, with the exception of the age claim (which should have been joined before) and the post-

22  October 2003 claims (over which this court lacks jurisdiction).  Finally, as to the claims involving pre-

23  October 2003 conduct, the "same evidence" presented here also was presented (or could have been

24  presented) in the prior lawsuit and/or in the prior administrative proceeding.

25  //

26  ORDER – 6

1   Considering all four factors going to the "same claim" element of the *res judicata* test, the Court

2   finds that, to the extent that the underlying conduct extends through October 2003, Plaintiff's current suit

3   does involve the "same claim" as his prior lawsuit.  Any such claim that was not actually brought in the

4   first lawsuit *could have been brought* therein.  Further, regarding conduct after October 2003, this Court

5   lacks subject matter jurisdiction due to Plaintiff's failure to exhaust administrative processes.

6   The second and third elements of the *res judicata* test are satisfied here as well.  As to the second

7   element, summary judgment dismissal of the first suit generally "is considered a decision on the merits for

8   *res judicata* purposes."  *Mpoyo*, 430 F.3d at 988  (citing *Hells Canyon Pres. Council v. U.S. Forest*

9   *Serv.*, 403 F.3d 683, 686 (9th Cir. 2005)).  Any claims administratively raised in the current suit were

10   capable of being brought in the first suit that was dismissed with prejudice.  Likewise, the third

11   element—identical parties—is established, because both Plaintiff and Defendant were in identical postures

12   in the prior litigation.

13   For the foregoing reasons, all of Plaintiff's claims depending on conduct that occurred through

14   October 2003 must be dismissed under the doctrine of *res judicata*, and all of Plaintiff's claims depending

15   on conduct that occurred after October 2004 must be dismissed for lack of subject matter jurisdiction.

16   Viewing the facts in the light most favorable to Plaintiff, it is clear that he has failed to raise any genuine

17   issue of material fact that would preclude dismissal of his claims as a matter of law.  Because no claims

18   can survive the *res judicata* and subject matter jurisdiction inquiries, the Court need not address

19   Defendant's judicial estoppel or standing arguments.[2]

20   //

21   //

22   //

23

24   [2] Furthermore, Defendant's alternative request for a stay in this matter pending payment by
    Plaintiff of costs ordered in the first lawsuit against it is MOOT, as Plaintiff now has paid the $807.33
25   cost bill in full.  (*See* Notice (Dkt. No. 25); Payment (Dkt. No. 26); Def.'s Reply.)

26   ORDER – 7

1

**III. CONCLUSION**

2      Defendant's motion for summary judgment is GRANTED for the reasons set forth in section II.C

3  of this Order.

4      SO ORDERED this 8th day of March, 2006.

5

6                                              John C. Coughenour

7                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER – 8